IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT TAYLOR AND SANDRA TAYLOR, H/W<br>243 Sugarberry Lane<br>Langhorne, PA 19047<br><br>Plaintiffs,<br>vs<br><br>THE HARTFORD, A/K/A THE HARTFORD INSURANCE GROUP, INC., A/K/A THE HARTFORD INSURANCE<br>1 Asylum Avenue<br>One Hartford Plaza<br>Hartford, CT 06155<br><br>Defendant. | NO.:<br><br>JURY TRIAL DEMANDED |

CIVIL COMPLAINT

The plaintiffs, Robert Taylor and Sandra Taylor, his wife, by and through their attorney, Ronald S. Pollack, Esquire, of Pollack Law, LLC, file the above-captioned civil action, and aver as follows:

I. The Parties

1. Plaintiff Robert Taylor is an adult individual who, at all times material hereto, resides at the above-captioned address.

2. Plaintiff Sandra Taylor is an adult individual who, at all times material hereto, resides at the above-captioned address.

3. Defendant The Hartford, a/k/a Hartford Insurance Group, Inc., a/k/a The Hartford Insurance (hereinafter identified as “Defendant Hartford”), is an insurer licensed to conduct business and issue policies of insurance within the Commonwealth of Pennsylvania and which regularly, continuously, and systematically conducts business within

Bucks County, Commonwealth of Pennsylvania, who, at all times material hereto, maintained its principal place of business at the above-captioned address.

II. Venue and Jurisdiction

4. Jurisdiction over claims asserted herein is conferred upon this Court pursuant to 28 U.S.C. §1332, the complete diversity of citizenship of the parties with damages, exclusive of interest, exceeding $75,000.00.

5. Venue is appropriate in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, as the subject collision occurred within Bucks County, Pennsylvania.

III. The Facts

6. The collision that is the subject of this action occurred on or about December 3, 2019.

7. The subject collision occurred at approximately 9:30 A.M., otherwise known as 0930 military time.

8. On or about December 3, 2019, at approximately 9:30 A.M., Plaintiff Robert Taylor was the owner and operator of a motor vehicle that was stopped for traffic ahead on Woodbourne Road at, about, around, or approaching its intersection with Quarry Road, Levittown, Pennsylvania.

9. The vehicle owned and operated by Plaintiff Robert Taylor was Brown 2013 Honda CRV.

10. At the same date, time, and place, third-party tortfeasor Zachary Nath was the operator of a White 2009 GMC station wagon.

11. The motor vehicle being operated by third-party tortfeasor had a VIN number of 1GKEV23D49J155373.

12. At the same date, time, and place aforesaid, third-party tortfeasor

Zachary Nath was operating the motor vehicle traveling on Woodbourne Road in the lane of travel directly behind Plaintiff's vehicle at, about, around, or approaching its intersection with Quarry Road, Levittown, Pennsylvania

13. While Plaintiff Robert Taylor was lawfully stopped on Woodbourne Road for traffic ahead at, about, or around its intersection with Quarry Road, the rear of his vehicle was suddenly crashed into by third-party tortfeasor Zachary Nath, who neglected to make proper observations, stop, slow down, and/or take appropriate evasive action, thereby causing a collision with Plaintiff Robert Taylor's vehicle.

14. The aforesaid collision was caused solely by the negligence and carelessness of third-party tortfeasor Zachary Nath, and was not due to any act or failure to act on the part of Plaintiff Robert Taylor.

IV. <u>Insurance Policy Information</u>

15. Plaintiff Robert Taylor, at all relevant periods of time, was the named insured on a policy of insurance issued by Defendant Hartford.

16. Defendant Hartford, per the terms of the applicable insurance policy, with Policy Number 55PHT677553, with Underinsured Motorist Bodily Injury Benefits of $250,000/$500,000, is obligated to provide Underinsured Motorist coverage to Plaintiff Robert Taylor.

17. The afore stated Hartford policy was in full force and effect on December 3, 2019.

18. The policy insured Plaintiff's Subject Vehicle that was involved in the collision with the third-party defendant.

19. The insuring agreement of the Underinsured Motor Vehicle Coverage provided that Defendant Hartford will pay compensatory damages for bodily injury an insured is legally entitled to recover from the owner or driver of an underinsured motor vehicle.

20. Under the Underinsured Motor Vehicle Coverage, the term "insured" includes the named insureds, including the plaintiffs.

21. Under the Underinsured Motor Vehicle Coverage, the term "insured" includes any person occupying "your car."

22. Under the Underinsured Motor Vehicle Coverage, the term "insured" includes any person entitled to recover compensatory damages as a result of bodily injury to an insured.

23. Robert Taylor is an insured under the Underinsured Motor Vehicle Coverage for his own bodily injury.

24. Sandra Taylor is an insured under the Underinsured Motor Vehicle Coverage for the damages she sustained as a result of the bodily injury to Robert Taylor.

25. Plaintiffs paid all premiums due under the Policy.

26. Defendant Hartford has acknowledged Plaintiffs as its insureds with respect to the December 3, 2019 collision.

## IV. The Claims

### COUNT I

### PLAINTIFF ROBERT TAYLOR v. DEFENDANT THE HARTFORD
### (NEGLIGENCE OF THE THIRD-PARTY TORTFEASOR FOR WHICH DEFENDANT HARTFORD IS CONTRACTUALLY OBLIGATED TO COVER)

27. Plaintiff Robert Taylor incorporates by reference the allegations contained in paragraphs one (1) through twenty-six (26), as though the same were set forth at length herein, in conformity with F.R.C.P. 10[c].

28. As third-party tortfeasor Zachary Nath is and was underinsured as it relates to properly compensating Plaintiff for all of the harms, losses, and damages suffered, Defendant Hartford is also responsible for the negligent and careless conduct of third-party tortfeasor, as if they

were the third-party tortfeasor.

29. As indicated herein above, at the same date, time, and place of the subject collision, third-party tortfeasor Zachary Nath was negligent and careless in the operation of his motor vehicle in that he neglected to make proper observations, slow down and/or stop before the front of his vehicle crashed into the rear of Plaintiff's stopped vehicle, and was 100% responsible for causing the collision.

30. At the same date, time, and place aforesaid, there were no obstructions blocking the view of third-party tortfeasor Zachary Nath's motor vehicle relative to Plaintiff Robert Taylor's stopped vehicle on Woodbourne Road at, about, around, or approaching its intersection with Quarry Road.

31. At the same date, time, and place aforesaid, third-party tortfeasor Zachary Nath had a clear view of the vehicles stopped for traffic in front of him on Woodbourne at, about, around, or approaching its intersection with Quarry Road, including but not limited to Plaintiff Robert Taylor's vehicle.

32. At all times material hereto, third-party tortfeasor Zachary Nath must operate the vehicle he is driving safely.

33. At all times material hereto, third-party tortfeasor Zachary Nath must not drive carelessly.

34. At all times material hereto, third-party tortfeasor Zachary Nath is not allowed to needlessly endanger other operators of motor vehicles on the roadway, including, but not limited to, Plaintiff Robert Taylor.

35. At all times material hereto, as an operator of a motor vehicle on the roadway, third-party tortfeasor Zachary Nath must operate his vehicle carefully.

36. At all times material hereto, as an operator of a motor vehicle on the

roadway, third-party tortfeasor Zachary Nath must operate his motor vehicle in such a manner as to protect others, on and/or about the roadways in which he travels, from harm.

37. At all times material hereto, as an operator of a motor vehicle on the roadway, third-party tortfeasor Zachary Nath must make proper observations.

38. At all times material hereto, as an operator of a motor vehicle on the roadway, third-party tortfeasor Zachary Nath must keep his vehicle under control.

39. At all times material hereto, as an operator of a motor vehicle on the roadway, third-party tortfeasor Zachary Nath must operate his vehicle at a speed that considers the traffic conditions around him.

40. At all times material hereto, as an operator of a motor vehicle on the roadway, third-party tortfeasor Zachary Nath must drive his vehicle at a speed which allows him to stop within the distance that he can clearly see ahead.

41. At all times material hereto, as an operator of a motor vehicle on the roadway, third-party tortfeasor Zachary Nath must be attentive.

42. At all times material hereto, as an operator of a motor vehicle on the roadway, third-party tortfeasor Zachary Nath must utilize his sense of sight to properly operate his motor vehicle.

43. At all times material hereto, as an operator of a motor vehicle on the roadway, third-party tortfeasor Zachary Nath must utilize his sense of sight to properly evaluate the conditions about him.

44. At all times material hereto, as an operator of a motor vehicle on the roadway, third-party tortfeasor Zachary Nath must not follow other vehicles too closely.

45. At all times material hereto, as an operator of a motor vehicle on the

roadway, third-party tortfeasor was operating a vehicle registered in the Commonwealth of Pennsylvania.

46. At all times relevant hereto, third-party tortfeasor Zachary Nath was negligent and careless in the operation of the motor vehicle, in that he neglected to stop, slow down, and/or take appropriate evasive action to avoid causing a collision with Plaintiff Robert Taylor's vehicle.

47. At all times relevant hereto, third-party tortfeasor Zachary Nath was negligent and careless in the operation of the motor vehicle, in that he was driving too fast for the traffic conditions then and there existing.

48. At all times relevant hereto, third-party tortfeasor Zachary Nath was negligent and careless in the operation of the motor vehicle, in that he was following too closely behind Plaintiff Robert Taylor's stopped vehicle.

49. At the time and place aforesaid, third-party tortfeasor Zachary Nath knew or should have known that the vehicle being operated by Plaintiff Robert Taylor was stopped for traffic ahead on Woodbourne Road at, about, around, or approaching its intersection with Quarry Road, prior to causing the collision.

50. At the time and place aforesaid, third-party tortfeasor had a clear view of traffic stopped ahead of him on Woodbourne Road at, about, around, or approaching its intersection Quarry Road.

51. At the time and place aforesaid, third-party tortfeasor Zachary Nath was aware of Plaintiff's stopped vehicle, prior to causing the collision.

52. At all times relevant hereto, third-party tortfeasor Zachary Nath was negligent and careless in the operation of his motor vehicle, in that he carelessly, improperly, and negligently, neglected to make proper observations of traffic lawfully stopped ahead of him on Woodbourne Road approaching its intersection with Quarry Road, neglected to stop,

slow, down, and/or take appropriate evasive action, as well as neglecting to drive at a speed that would allow him to bring his vehicle to a complete stop within the assured clear distance ahead of him, thereby causing a collision with Plaintiff Robert Taylor's vehicle.

53. At the aforesaid date, time, and place, the negligence and carelessness of third-party tortfeasor, consisted of the following:

A. Neglecting to keep his vehicle under proper and adequate control;

B. Being inattentive;

C. Following too closely;

D. Neglecting to stop or properly slow down for then existing traffic conditions;

E. Neglecting to keep a proper lookout for traffic stopped head of him on Woodbourne Road at the same date, time, and place aforesaid;

F. Neglecting to operate his vehicle with due regard for the rights, safety, and position of the vehicle being operated by Plaintiff Robert Taylor;

G. Traveling at speed in excess of the allowable conditions;

H. Neglecting to keep his vehicle under such control so as to be able to stop, and/or effectively slow down his vehicle within the assured clear distance he could see ahead;

I. Neglecting to make proper observations;

J. Neglecting to take appropriate evasive action to ensure that a collision would not occur with Plaintiff Robert Taylor;

K. Neglecting to abide by the rules of the road, statutes, code, ordinances, and/or laws of the Commonwealth of Pennsylvania, and as also applied in Bucks County;

L. Violating, amongst potentially other statutes, 75 Pa.C.S.A. §§ 3714, 3361, and 3310, rendering third-party tortfeasor's conduct negligent, per se;

M. Neglecting to take proper and necessary evasive action; and

N. Carelessly striking Plaintiff's stopped vehicle.

54. As indicated herein above, as third-party tortfeasor Zachary Nath was negligent and careless, as indicated, Defendant Hartford is additionally responsible to Plaintiff Robert Taylor for the negligent and careless conduct of said third-party tortfeasor.

55. As a direct and proximate result of the negligence and carelessness of third-party tortfeasor Zachary Nath, Plaintiff Robert Taylor sustained serious and permanent injuries to various parts of his body, that may include, the bones, muscles, tendons, ligaments, nerves and tissues, in, of, and/or about his head, neck, back, body, and limbs, that may include but not be limited to injuries to the connective tissues of his shoulders, cervical, thoracic, and lumbar regions, with radicular pain and complaints, including but not limited to sprain and strain of the ligaments of the lumbar and cervical spine; muscle spasm of the back; and chronic pain, as well as other injuries, the extent of which are as yet not fully determined, including but not limited to, headaches, hip pain, difficulty sleeping, severe aches and pain, limitation of motion, severe aches and pain, and mental anguish and anxiety, all of which injuries are permanent in nature and have in the past and may in the future cause Plaintiff Robert Taylor great pain and suffering. (It is specifically maintained and understood that this paragraph has been drafted by and is the language of Plaintiff's counsel, is meant to be all encompassing as to the potential injuries suffered by Plaintiff, and, in fact some of the injuries alleged and/or outlined may not have actually

been suffered. The medical investigation is continuing in this regard.)

56. By reason of the aforesaid negligence and carelessness of third-party tortfeasor Zachary Nath, Plaintiff Robert Taylor has been in the past and may in the future be obliged to expend sums of money for medicines and medical attention, in and about endeavoring to treat and cure himself of his aforesaid injuries, some or all of which expenditures may not be otherwise recoverable.

57. Plaintiff Robert Taylor further avers as the result of aforesaid collision, he has in the past and may in the future be unable to attend his normal and usual duties and occupations, to his great financial damage and loss.

58. Plaintiff Robert Taylor suffered a serious impairment to his body function, such that he has suffered not only an impairment to one, or more, of his body functions, but said injuries and impairment have had a significant impact upon his ability to perform his normal, usual and customary duties and functions for periods of time, and which may continue to plague him throughout the remainder of his life.

59. Plaintiff Robert Taylor avers that, as a result of the aforesaid collision, he has in the past been, and may in the future be, unable to attend to his normal and usual duties and occupations, to his great financial damage and loss, including but not limited to lost wages, income and/or loss of essential services.

60. Plaintiff avers that, as a result of the aforesaid collision, he has in the past, is presently, and/or may in the future, be caused to suffer loss of life's pleasures.

61. Plaintiff further avers that, as a result of the aforesaid collision, and the injuries he sustained as a direct and proximate result thereof, he has suffered in the past and will suffer in the future physical and

emotional pain and suffering, mental anguish, humiliation, disability and loss of ability to enjoy the pleasures of life.

62. Plaintiff Robert Taylor avers that the injuries, damages, and economic losses he sustained as a result of the aforesaid collision were caused by the negligence and carelessness of third-party tortfeasor Zachary Nath, for which Defendant Hartford is responsible, and were not caused, in any way, by any act, or failure to act, on the part of Plaintiff Robert Taylor.

63. In accordance with the express terms of the insurance contract and the underinsured motorist terms of sad contract, Defendant Hartford is responsible for all harms, losses, and damages for which the third-party tortfeasor was underinsured.

WHEREFORE, Plaintiff Robert Taylor demands judgment in his favor against Defendant Hartford Insurance individually, jointly, severally, and/or in the alternative for compensatory damages, in accordance with the terms of his insurance contract, together with damages for delay as permitted by Rule 238, those costs that are permitted by Court Rule and included in a Bill of Costs, and all other relief as the court deems equitable and just in excess of $150,000.00, the jurisdictional limit for which this case would be eligible for arbitration.

## COUNT TWO

## PLAINTIFF ROBERT TAYLOR v. DEFENDANT THE HARTFORD (CONTRACT CLAIM)

64. Plaintiff Robert Taylor incorporates by reference the allegations of paragraphs one (1) through sixty-three (63), as though the same were set forth at length herein, in conformity with F.R.C.P. 10[c].

65. As indicated herein above, at the time Plaintiff Robert Taylor purchased the policy, he elected to purchase underinsured motorist benefits in

order to protect him and/or other who may be using the vehicle involved in the claim. A copy of the policy or a fair and accurate copy of the policy verifying the applicable coverage is attached hereto as Exhibit “1.”

66. As a direct and proximate result of the negligence and carelessness of third-party tortfeasor Zachary Nath, Plaintiff Robert Taylor did and/or may have sustained severe and permanent injuries to the bones, muscles, tendons, ligaments, nerves and tissues in, of, and/or about his head, neck, back, body, and limbs, including but not limited to all of the injuries outlined herein above, as well as other injuries, the extent and nature of which are as yet not fully determined. In addition, Plaintiff did and/or may have sustained reactive anxiety reaction, limitation of motion, severe aches and pains, mental anguish concomitant with his physical injuries and severe nervous shock. The injuries and conditions suffered by Plaintiff Robert Taylor are believed to be permanent in nature and have in the past and may in the future cause Plaintiff great pain and suffering. Plaintiff has been in the past and will in the future be prevented from pursuing his usual duties, activities, goals, and/or daily affairs. (It is specifically maintained that this paragraph has been drafted by and is the language of Plaintiff’s counsel, is meant to be all encompassing as to the potential injuries suffered by Plaintiff, and, in fact, some of the injuries alleged and/or outlined herein may not have actually been suffered. The medical investigation is continuing in this regard.)

67. By reason of the aforesaid negligence and carelessness of third-party tortfeasor Zachary Nath, Plaintiff Robert Taylor has been in the past and may in the future be obliged to expend sums of money for medicines and medical attention, in and about endeavoring to treat

and cure himself of his aforesaid injuries, some or all of which expenditures may not be otherwise recoverable.

68. Plaintiff Robert Taylor further avers that as a result of the aforesaid collision, he has in the past and may in the future be unable to attend his normal and usual duties, affairs, avocations and occupations, to his great financial damage and loss.

69. Plaintiff Robert Taylor further avers that as a result of the aforesaid collision, he has suffered a serious impairment of body function, such that he has suffered not only an impairment to one, or more, of his body functions, but said injuries and impairment have had a significant impact upon his ability to perform his normal, usual, and customary duties and functions.

70. It is maintained that Plaintiff Robert Taylor is entitled to all damages, harms, and losses as it relates to this matter and is entitled to the coverages to which he has purchased, including underinsured motorist benefits.

71. It is maintained that the harms, losses and damages sustained by Robert Taylor exceed the amount he recovered from the third-party defendant's insurance carrier and its coverage limits.

72. As a result of Plaintiff's election of underinsured motorist benefits, Plaintiff paid and Defendant Hartford accepted, increased premium payments.

73. Defendant Hartford is obligated to provide underinsured motorist benefits to Plaintiff Robert Taylor, per the terms of the policy of insurance as identified herein.

74. Defendant Hartford is obligated to objectively and fairly evaluate Plaintiff's claims.

75. Defendant Hartford is obligated to investigate Plaintiff Robert Taylor's

claims in as much as a thorough and proper inquiry must be made and which, in this case, would reveal that third-party tortfeasor was negligent and careless and that Plaintiff Robert Taylor has sustained harms, losses, damages, and injuries of the type entitling him to compensation per the terms of the insurance contract with Defendant Hartford.

76. The investigation will verify that Plaintiff is entitled to a policy limit tender for the underinsured motorist coverage available in this case.

77. Any failure on the part of Defendant Hartford to comply with their obligation as enumerated herein, and to comply with the terms of the insurance contract would amount to and/or is a breach of the contractual obligations of Defendant.

78. As the insurer of the motor vehicle being operated by Plaintiff Robert Taylor on December 3, 2019, Defendant Hartford owes a fiduciary, contractual, and statutory obligation to Plaintiff Robert Taylor, to investigate, evaluate, and negotiate this underinsured motorist claim in good faith and to arrive at a prompt, fair, and equitable settlement.

79. If Defendant Hartford, has in the past, or in the future, violates its obligations under the policy of insurance and breached its contract of insurance by not tendering to Plaintiff Robert Taylor, the underinsured motorist benefits to which Plaintiff is reasonably due under the factual circumstances of this case as described herein and incorporated pursuant to F.R.C.P. 10[c], Defendant Hartford is legally responsible to Plaintiff and has violated its terms of the insurance policy in place at all relevant periods of time.

WHEREFORE, Plaintiff Robert Taylor demands judgment in his favor against Defendant Hartford Insurance individually, jointly, severally, and/or in the alternative for compensatory damages, together with damages for

delay as permitted by Rule 238, those costs that are permitted by Court Rule and included in a Bill of Costs, and all other relief as the court deems equitable and just in excess of $150,000.00, the jurisdictional limit for which this case would be eligible for arbitration.

## COUNT THREE

## PLAINTIFF SANDRA TAYLOR v. DEFENDANT THE HARTFORD (LOSS OF CONSORTIUM)

80. Plaintiff Sandra Taylor incorporates by reference the allegations of paragraphs one (1) through seventy-nine (79), as though the same were set forth at length herein, in conformity with F.R.C.P. 10[c].

81. Plaintiff Sandra Taylor is, at all times relevant hereto, the wife of Plaintiff Robert Taylor, and as such, was, is, and may be entitled to the services, society, and consortium of her husband, Plaintiff Robert Taylor.

82. As a result of the negligence and carelessness of third-party tortfeasor Zachary Nath, Plaintiff Sandra Taylor suffered damages, harms, and losses, and was deprived of her husband's services, society, and consortium, for which Defendant Hartford is responsible.

## COUNT FOUR

## PLAINTIFFS v. DEFENDANT THE HARTFORD (BAD FAITH)

83. Plaintiff Sandra Taylor incorporates by reference the allegations of paragraphs one (1) through eighty-two (82), as though the same were set forth at length herein, in conformity with F.R.C.P. 10[c].

84. This Count arises under the automobile insurance policy issued by Defendant Hartford to Plaintiffs and concerns Defendant Hartford's past and/or future handling of Plaintiff's claim for underinsured

motorist benefits arising from the December 3, 2019 collision.

85. As Plaintiffs' insurer, Defendant Hartford owed Plaintiffs, in the past, and owes, in the present and future, a duty of good faith and fair dealing in investigating, evaluating, and handling their claims for benefits under the Policy.

86. On September 10, 2023, Plaintiffs, through counsel, submitted their claims for underinsured motorist benefits to Defendant Hartford.

87. In the event that, following an appropriate investigation and the submission of appropriate resolution materials from the plaintiffs, the defendant either denies plaintiffs' claims, fails to make a settlement offer, fails to make payment of a reasonable offer for settlement, fails to timely evaluate these claims, fails to make timely payment toward these claims, or otherwise fails to take appropriate actions to timely resolve this matter, the defendant's actions are deemed not only in breach of their contractual obligations, but also in bad faith of their obligations.

88. An insurer handling a UIM claim owes its insured a duty of good faith notwithstanding the potentially adversarial nature of the valuation dispute. Condio v. Erie Insurance Exchange, 899 A.2d 1136, 1144-45 (Pa. Super. Ct. 2006).

89. Section 8371 of Chapter 42 of the Pennsylvania Consolidated Statutes, requires clear and convincing proof that the insurer lacked a reasonable basis for denying benefits and knew of or recklessly disregarded that lack of a reasonable basis. Self-interest or ill will is not a separate required element. Rancosky v. Washington National Insurance Co., 170 A.3d 364, 377 (Pa. 2017).

90. In the event that Plaintiffs claims are not timely resolved and if defendants participate in any of the afore stated conduct, which is

incorporated herein pursuant to F.R.C.P. 10[c], Plaintiffs allege that Defendant Hartford lacked a reasonable basis for withholding the covered benefits due, despite its possession of the evidence in this case verifying the value of plaintiffs' claims, constituted knowing or reckless disregard of the absence of a reasonable basis for that conduct.

91. The asserted knowledge or recklessness is grounded in Defendant Hartford's receipt of the evidence in this case. Plaintiffs do not premise this claim solely on the percentage of policy limits offered, a disagreement over value, or an assertion that an opening offer must equal a final award.

92. An insurer's obligation to evaluate a claim according to the evidence is not displaced by disagreement over a settlement demand. See, Klinger v. State Farm Mutual Automobile Insurance Co., 115 F.3d 230, 234 (3d Cir. 1997). Plaintiffs allege the specific unreasonable handling described above, rather than treating an unsuccessful negotiation or mere negligence as statutory bad faith.

93. As a result of the conduct alleged, Plaintiffs have been deprived of the use of insurance benefits claimed due and have incurred and will incur expenses in pursuing their contractual and statutory remedies. Moreover, the claimed requirement for additional information, when the defendant possesses the medical proofs and evidence verifying the value of their claims, will further expose plaintiffs to further damages and cause additional damage from an emotional distress and psychological perspective.

94. Defendant Hartford's knowing or reckless disregard of the lack of a reasonable basis for the conduct alleged warrants the relief authorized by 42 Pa.C.S. § 8371, including punitive damages, statutory interest,

court costs and reasonable attorney fees.

WHEREFORE, Plaintiffs Robert Taylor and Sandra Taylor demand judgment against Defendant Hartford under 42 Pa.C.S. § 8371 for: (a) interest on the amount of the claim from the date the claim was made, at the prime rate plus three percent; (b) punitive damages; © court costs and reasonable attorney fees; and (d) such other relief as the Court deems proper. Plaintiffs also request postjudgment interest as provided by 28 U.S.C. § 1961 and seek no duplicative recovery of interest or costs.

JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment, Plaintiffs demand trial by jury of twelve (12) members with two (2) alternates on all issues triable of right by jury, including their claim for punitive damages under 42 Pa.C.S. § 8371. See, Klinger, 115 F.3d at 236.

Respectfully submitted,

POLLACK LAW, LLC



By: ____________________________________

Ronald S. Pollack, Esquire
Pennsylvania Attorney I.D. No. 56553
210 East Street Road, Suite 3A
Feasterville, Pennsylvania 19053
Telephone: (215) 396-9660
Email: ron@fightingforpeople.com

Counsel for Plaintiffs

Dated: November 6, 2026